IN THE SUPREME COURT OF THE STATE OF NEVADA

IN THE MATTER OF DISCIPLINE OF
TORY D. ALLEN, BAR NO. 12680.

No. 81794

FILED

NOV 0 5 2020

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY _____
CHIEF DEPUTY CLERK

## ORDER APPROVING CONDITIONAL GUILTY PLEA

This is an automatic review of a Northern Nevada Disciplinary Board hearing panel's recommendation that this court approve, pursuant to SCR 113, a conditional guilty plea agreement in exchange for a stated form of discipline for attorney Tory D. Allen. Under the agreement, Allen admitted to violating RPC 1.15 (safekeeping property) and RPC 1.16 (declining or terminating representation) and agreed to a one-year suspension to run concurrent with the 30-month suspension in *In re Discipline of Allen*, Docket No. 80319 (Order Approving Conditional Guilty Plea Agreement, Apr. 23, 2020).

Allen has admitted to the facts and violations as part of his guilty plea agreement. Thus, the record establishes that Allen violated the above-listed rules by depositing a divorce client's $4,000 retainer into his operating account, misappropriating those funds, and then failing to promptly return the undisputedly unearned portion of the fees when the client reconciled with her husband three days later.

The issue for this court is whether the agreed-upon discipline is sufficient to protect the public, the courts, and the legal profession. *See State Bar of Nev. v. Claiborne*, 104 Nev. 115, 213, 756 P.2d 464, 527-28

20-40644

(1988) (explaining the purpose of attorney discipline). In determining the appropriate discipline, we weigh four factors: "the duty violated, the lawyer's mental state, the potential or actual injury caused by the lawyer's misconduct, and the existence of aggravating or mitigating factors." *In re Discipline of Lerner*, 124 Nev. 1232, 1246, 197 P.3d 1067, 1077 (2008).

Allen admitted to knowingly violating a duty owed to his clients (safekeeping property) and a duty owed to the profession (terminating representation). His client suffered actual or potential injury because the client did not timely receive her funds. As the panel found, the baseline sanction for such misconduct, before considering aggravating or mitigating circumstances, is disbarment. Standards for Imposing Lawyer Sanctions, *Compendium of Professional Responsibility Rules and Standards*, Standard 4.11 (Am. Bar Ass'n 2017) ("Disbarment is generally appropriate when a lawyer knowingly converts client property and causes injury or potential injury to a client."). The record supports the panel's finding of one aggravating circumstance (prior discipline) and four mitigating circumstances (personal or emotional problems, full and free disclosure to the disciplinary authority and cooperative attitude towards the proceeding, inexperience in the practice of law, and remorse). Considering all four factors, and especially Allen's personal or emotional problems, we agree with the panel that a downward deviation from the baseline sanction is warranted and conclude that the agreed-upon discipline is appropriate.

Accordingly, we hereby suspend attorney Tory D. Allen from the practice of law for one year commencing from the date of this order and to run concurrent with the suspension imposed in Docket No. 80319. During the suspension, Allen shall continue treatment with a licensed drug and alcohol counselor and/or mental health provider; attend Alcohol Anonymous

and/or Alanon meetings at the direction of his treatment provider, but no less than twice weekly; and provide quarterly reports to the State Bar, countersigned by his treatment provider, regarding his treatment, attendance at the requisite meetings, and payment of restitution. Allen shall also pay $3,400 in restitution to the client identified in the conditional guilty plea agreement. Lastly, Allen shall pay the costs of the disciplinary proceedings, including $2,500 under SCR 120, within 30 days from the date of this order.

It is so ORDERED.

_____ , C.J.
Pickering

_____ , J.          _____ , J.
Gibbons                                Hardesty

_____ , J.          _____ , J.
Parraguirre                            Stiglich

_____ , J.          _____ , J.
Cadish                                 Silver

cc:    Chair, Northern Nevada Disciplinary Board
       Hal Taylor
       Bar Counsel, State Bar of Nevada
       Executive Director, State Bar of Nevada
       Admissions Office, U.S. Supreme Court